UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXANDER PERVYSHEV, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-4509 |
| | § | |
| INTERMARINE, L.L.C. *et al.,* | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court are defendant Intermarine L.L.C.'s motion for summary judgment (Dkt. 3) and defendant Transcan Marine Consultants & Surveyors, Inc.'s ("Transcan's") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 11).[1]  For the following reasons, these motions are GRANTED.  Pervyshev's claims against Transcan are DISMISSED WITH PREJUDICE because the statute of limitations has run and his claims are now time barred.  And, for the same reason, the court enters JUDGMENT for Intermarine on all of Pervyshev's claims.

## STANDARD OF REVIEW

**A.    12(b)(6) Motion to Dismiss**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

---

[1] Intermarine's motion was filed as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 3.  However, the court converted the motion to a Rule 56 motion for summary judgment.  Dkt. 8.

In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)) (internal citations omitted). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965 (supporting facts must be plausible—enough to raise a reasonable expectation).

**B.     Summary Judgment**

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec.*

*Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting FED. R. CIV. P. 56(e)).  Additionally, a court has the power to *sua sponte* grant summary judgment when losing party had notice that he had to come forward with all his evidence.  *Arkwright-Boston Mfrs. Mut. Ins. Co. v. Aries Marine Corp.*, 932 F.2d 442, 445 (5th Cir. 1991).

## ANALYSIS

Transcan's motion to dismiss alleges that *pro se* plaintiff Alexander Pervyshev's claims are time barred because his claims are based wholly on general maritime law, the statute of limitations for which is three years from the day the cause of action accrued.  Dkt. 11 at 6; 46 U.S.C. § 30106 (previously codified at 46 U.S.C. App. § 763a).  Pervyshev claims he injured his ankle on January 13, 2004 while working as a seaman aboard a vessel.  Dkt. 1 at 3.  Doctors made him aware of the severity of his injuries on January 19, 2004 when they X-rayed his ankle and found fractures.  *Id.* at 4.  Pervyshev was then discharged from the vessel and repatriated to Russia.  *Id.*  He filed the current action on December 20, 2007.  Dkt. 1.  His complaint alleges unseaworthiness and negligence under the general maritime law against both defendants.  Dkt. 1 at 5-6.  Because these claims fall within the general maritime law, the three year statute of limitations in 46 U.S.C. § 30106 applies. Pervyshev's cause of action accrued, at the latest, on January 19, 2004 when he was made aware that his injuries were severe enough to prevent him from working and require his discharge from the vessel.  *See Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 268 (5th Cir. 1994) (the limitations period runs from the time of the injury whenever the plaintiff is aware of the critical facts of the injury and its cause).  Pervyshev's current claim was filed well after the three year time bar expired.  Dkt. 1.

While the limitations period may sometimes be tolled, the court cannot find any evidence in the record to excuse Pervyshev for his delay in filing the current action.  Pervyshev did file a prior action against multiple defendants, including Transcan and Intermarine, which included many of the same claims and arose out of the same incident.[2]  *Pervyshev v. Interorient Navigation Co., Ltd.*, No. 07-2770 (S.D. Tex.).  Pervyshev was represented by counsel in the prior action.  *Id.*; Dkt. 13.  However, he voluntarily dismissed both Transcan and Intermarine from that action.  The law is clear in the Fifth Circuit that the limitations period "is *not* tolled when a plaintiff files a claim that is later voluntarily dismissed."  *Basco v. American General Ins. Co.*, 43 F.3d 964, 965-66 (5th Cir. 1994); *Taylor v. Bunge Corp.*, 775 F.2d 617, 619 (5th Cir. 1985).  Instead, the plaintiff "is in the same position as if the suit had never been filed."  *Id.* at 966.  For this reason, Pervyshev's prior action did not toll the limitations period.

Equitable tolling of the limitations period is also inappropriate because equitable relief via tolling should only be used sparingly.  *Zapata Off-Shore Co.*, 939 F.2d at 267, citing *Irwin v. Veterans Administration*, 498 U.S. 89, 111 S. Ct. 453 (1990).  Nowhere does the record show that Pervyshev filed a timely but defective pleading, or that either defendant tricked him, via misconduct, into allowing the filing deadline to pass.  *Id.*  Pervyshev only asserts that his former attorneys voluntarily dismissed Transcan and Intermarine from the prior action against Pervishev's interests.  Dkt. 13 at 10.  However, any real or imagined misconduct on the part of his attorneys is an issue Pervyshev must take up with those attorneys, it does not give rise to an equitable tolling of the limitations period in his case against Transcan and Intermarine.

---

[2] The complaint was originally filed in the Eastern District of Louisiana (Civ. Action No. 05-4040), but was transferred to the Southern District of Texas prior to the final resolution of the case.

While Transcan moved this court to dismiss under Rule 12(b)(6) because the limitations period had run, Intermarine failed to raise that defense in its own motion. Dkts. 11, 3.  However, Pervyshev filed the same claims against both defendants and those claims are clearly time barred. Transcan's motion gave Pervyshev notice of the statute of limitations defense, and Pervyshev's response to that motion discussed both Transcan and Intermarine.  Therefore, Pervyshev had sufficient notice of the statute of limitations defense to allow the court to dismiss Intermarine on summary judgment pursuant to Federal Rule of Civil Procedure 56. *See Arkwright-Boston*, 932 F.2d at 445.  Accordingly, as a matter of law, Intermarine's motion for summary judgment is granted.

For these reasons, Transcan's motion to dismiss and Intermarine's motion for summary judgment are GRANTED. Therefore, Pervyshev's claims against Transcan are DISMISSED WITH PREJUDICE because the statute of limitations has run and his claims are now time barred.  And, for the same reason, the court enters JUDGMENT for Intermarine on all of Pervyshev's claims.   All other pending motions are DENIED AS MOOT.

It is so ORDERED.

Signed at Houston, Texas on April 25, 2008.

_____
Gray H. Miller
United States District Judge